Filed 2/14/14  P. v. Akin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072957 |
| v. | (Super. Ct. No. CRF121403) |
| ZACHARY BE AKIN, | |
| Defendant and Appellant. | |

A jury convicted defendant Zachary Be Akin of possession of a firearm by a person previously convicted of a felony. (Pen. Code, § 29800, subd. (a)(1).)[1] The trial court found that defendant had a prior conviction for discharging a firearm in a grossly negligent manner (§ 246.3), and sentenced defendant to an aggregate term of three years four months in prison.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant now contends the trial court prejudicially erred in admitting evidence of the prior felony. He argues the prior acts were improperly offered to prove a common plan or scheme under Evidence Code section 1101, subdivision (b); but even if the evidence was offered to prove knowledge or lack of mistake, the prior acts were not sufficiently similar to the charged conduct.

We conclude defendant forfeited his challenge to the admissibility of the prior act evidence. Defendant did not move in limine to exclude the prior act evidence, he did not specifically object that the evidence was inadmissible to prove knowledge or lack of mistake (the specific grounds upon which the trial court admitted the evidence), and he did not object when the prior act evidence was actually offered at trial. Moreover, to the extent defendant's contention may be deemed a claim that the trial court committed instructional error (because the trial court instructed the jury that the prior act evidence could be used to prove, among other things, a plan or scheme), we conclude any error was harmless. Strong evidence supports defendant's conviction for possession of a firearm by a person previously convicted of a felony.

The Attorney General separately asserts that the abstract of judgment should be corrected to accurately reflect the orally pronounced presentence credits. We agree.

We will affirm the judgment and order correction of the abstract of judgment.

BACKGROUND

A

Responding to a reported traffic accident on December 24, 2011, a Woodland police officer saw an unoccupied vehicle in the street. The vehicle had struck a pole. Defendant's cell phone was near the driver's seat.

Woodland Police Officer Fondersmith and Sergeant Sexton went to defendant's listed address. Fondersmith had contacted defendant there before. The officers knocked on the door; Vincent R., one of the residents, opened the door about two minutes later.

Officer Fondersmith saw defendant lying on a couch, staring at the officer, and he also saw something that looked like a gun muzzle sticking out from under defendant's leg. After ordering defendant to keep his hands where they were, Officer Fondersmith grabbed the object, which turned out to be a six-millimeter Browning semiautomatic pistol. Vincent R. said, "That's not my gun."

Subsequent investigation showed that the gun was not registered to defendant or Vincent R. and bore no recoverable fingerprints; it did not have a magazine in it, but it looked functional.

Vincent R. and his mother, Samantha S., who also lived at the residence, testified that neither of them owned the gun. Samantha S. said her boyfriend, who often stayed at the apartment, did not possess a gun, so far as she knew. Defendant, who is Samantha S.'s cousin, sometimes stayed at the apartment in 2011.

Defendant was placed under arrest for possession of a firearm, which was prohibited under the terms of defendant's probation. Officer Fondersmith smelled alcohol on defendant, who appeared physically unable to perform standard field sobriety tests. Officer Fondersmith concluded defendant was under the influence of alcohol. Defense counsel argued to the jury that the People had not proven defendant owned the gun, and that when detained he was so intoxicated he did not know there was a gun under his body.

B

Woodland Police Officer Lewis LeFlore testified that less than eight months before the charged offense, he was assisting another officer in response to a report of gunshots. About five minutes later, LeFlore heard two or three popping sounds near a market.

Veronica T., who lived nearby, also heard popping sounds. Walking outside, she saw an adult male, saw two muzzle flashes near his head, and heard more popping sounds. She said the man had fired a handgun in the air.

3

Officer LeFlore saw four females walking toward a market. He saw a male standing by a pickup truck about 50 feet behind the females, then heard two more pops that could have been gunshots. He moved his vehicle closer, put a spotlight on the male (defendant), got out of his patrol car, identified himself as a police officer, and ordered defendant to step over to him. Defendant ran, but Officer LeFlore caught and detained him as defendant tried to scale a fence.

A .22-caliber Browning pistol was found about two feet beyond the fence. Defendant's cell phone had a photo of a juvenile holding two handguns, one of which looked like the recovered gun. Defendant had two .22-caliber rounds on his person.

C

Before trial, the People moved in limine to admit evidence of defendant's prior offense under Evidence Code section 1101, subdivision (b), in order to prove knowledge, absence of mistake or accident, and a common plan. Defendant opposed the motion on the ground that there was no similarity between the prior and current offenses except that they both involved guns. During argument on the motion in limine, however, the trial court confirmed with the prosecutor that her motion was for the limited purposes of showing knowledge and lack of mistake, and that there were no purposes beyond those. The trial court granted the motion for those uses, saying the evidence would be allowed to show that the guns in both offenses were the same brand and that defendant had the ability to recognize a firearm.

Before Officer LeFlore testified at trial, the trial court and counsel had another discussion about the scope of the prior act evidence. Defendant submitted the matter and did not object to the admissibility of the prior act evidence presented in Officer LeFlore's testimony.

Later, in discussing jury instructions, the People asked the trial court to instruct the jury that in addition to knowledge and lack of mistake, the prior act evidence could also be considered for the purpose of showing a common plan. The People argued

4

defendant's possession of a Browning firearm in both cases showed a common plan to carry that type of firearm. Defense counsel objected, arguing that the guns in the two cases were "as different as day and night." The trial court noted it was "not the strongest common plan argument," but because there was evidence to support the argument, the trial court agreed to include a reference to plan or scheme in the instruction. Among other things, the trial court instructed the jury consistent with CALCRIM No. 375.

Defense counsel argued to the jury that there was no similarity between the firearms in the two cases other than their brand name: "This gun practically takes up this whole box. This gun will fit in the palm of your hand. [¶] It is like saying because the defendant one time stole a semi-truck made by Dodge he now must have stolen a sports car made by the same manufacturer." He also argued that the People had not shown defendant owned the gun in the current case, and that when detained he was so intoxicated, he did not know there was a gun under his body.

DISCUSSION

I

Defendant contends the trial court prejudicially erred in admitting detailed evidence of the prior felony. He argues the prior acts were improperly offered to prove a common plan or scheme under Evidence Code section 1101, subdivision (b), but even if the evidence was offered to prove knowledge or lack of mistake, the prior acts were not sufficiently similar to the charged conduct.

A party wishing to exclude evidence must make a timely and specific objection to the evidence. (Evid. Code, § 353, subd. (a).) An objection to an in limine ruling admitting evidence is usually insufficient to preserve the objection for appeal if the objection is not repeated when the evidence is offered. (See *People v. Morris* (1991) 53 Cal.3d 152, 190 (*Morris*) disapproved on another point in *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1; accord, *People v. Navarette* (2003) 30 Cal.4th 458, 491 [in limine motion to exclude evidence preserves claim of error without subsequent Evidence

5

Code section 353 objection if, and only if, the motion raises a specific legal ground for excluding the evidence *and* is made at a time when the trial judge can determine the evidentiary question in its appropriate context].)

Here, defendant did not move in limine to exclude the prior act evidence, he did not specifically object that the evidence was inadmissible to prove knowledge or lack of mistake (the specific grounds upon which the trial court admitted the evidence), and he did not object when the prior act evidence was actually offered at trial. Under these circumstances, defendant forfeited his challenge to the admissibility of the prior act evidence. (See *Morris, supra*, 53 Cal.3d at p. 190.)

Moreover, to the extent defendant's contention may be deemed a claim that the trial court committed instructional error (because the trial court instructed the jury that the prior act evidence could be used to prove, among other things, a plan or scheme), we conclude any error in instructing the jury regarding a plan or scheme was harmless under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836.

The trial court instructed the jury to consider the similarity or lack of similarity of the current and prior conduct. We presume the jury followed that instruction. In addition, the trial court did not err in admitting the prior act evidence to show defendant's knowledge or lack of mistake. The fact that defendant possessed a Browning firearm on a prior occasion was probative to prove that he knew, at the time of the charged offense, that there was a Browning firearm under his leg, and that he did not simply find himself in proximity to the firearm by accident or mistake, despite his intoxication. And finally, there is strong evidence supporting defendant's conviction for possession of a firearm by a person previously convicted of a felony.

Defendant has shown no basis for reversal.

## II

The Attorney General asserts that the abstract of judgment should be corrected to accurately reflect the orally pronounced presentence credits. At sentencing, the trial court

6

orally awarded, for the prior case, a total of 171 presentence credits (115 actual days and 56 conduct days). The minute order correctly reflects those credits. But the abstract of judgment incorrectly indicates, for the prior case, a total of 115 presentence credits (56 actual and 171 conduct). We will order the abstract of judgment corrected to reflect the orally imposed credits. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting, for the prior case (case No. CRF112119), a total of 171 presentence credits (115 actual days and 56 conduct days).

            MAURO          , J.

We concur:

       NICHOLSON      , Acting P. J.

       ROBIE         , J.

7